**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUZHONG XU,<br><br>           Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>           Respondent. | No. 09-73077<br><br>Agency No. A099-438-934<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Luzhong Xu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on several omissions from Xu's affidavit regarding the harm he suffered, and inconsistencies between Xu's testimony and documentary evidence regarding the injuries he sustained. *See id*. at 1048; *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported by substantial evidence when added details told a different, more compelling story of persecution). Xu's explanations for the inconsistencies do not compel a contrary conclusion. *See Zamanov*, 649 F.3d at 974. In the absence of credible testimony, Xu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Xu's CAT claim fails because it is based on the same testimony the agency found not credible and the record does not otherwise compel the conclusion that it is more likely than not he will be tortured if returned to China. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**